UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL SUTHERLAND** and
**COMFY MATERIALS LLC,**

    Plaintiffs,

v.                                            Case No. 8:24-cv-00854-WFJ-NHA

**WELLSHOW MACHINING
PARTS, INC.,**

    Defendant.
_____/

# ORDER

Before the Court are Plaintiffs Michael Sutherland and Comfy Materials LLC's (Plaintiffs or "Comfy") Motion to Exclude Expert Testimony of Man Chun Li and preclude her as an expert witness. Dkt. 59. Defendant Wellshow Machining Parts, Inc. (Defendant or "Wellshow") has responded in opposition. Dkt. 68. Upon careful consideration, the Court grants Plaintiffs' motion.

## BACKGROUND

On April 5, 2024, Plaintiffs sued Defendant for copyright infringement and false advertising relating to Defendant Wellshow's Amazon listings of its competing products. *See* Dkt. 1; Dkt. 17. Specifically, Plaintiffs have alleged that Defendant copied portions of Plaintiffs' copyrighted work and violated Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), by making false claims

1

and misleading representations that Wellshow products are FDA compliant, certified food grade, and/or food safe. *See* Dkt. 17. Defendant filed a counterclaim against Plaintiffs for tortious interference in connection with Plaintiffs' DMCA takedown requests to Amazon. *See* Dkt. 45.

The Court's Case Management and Scheduling Order ("CMSO") outlines that its "provisions are very precise and shall be strictly adhered to." Dkt. 39 at 1. Under the Amended CMSO, "Plaintiff Expert Disclosure [was due on] 3/14/2025; Defendant Expert Disclosure [was due on] 3/24/2025; . . . and Discovery cut-off is 4/28/2025." Dkt. 51.[1] Per the Amended CMSO, Defendant disclosed one expert witness, Man Chun Li, on March 24, 2025, who would testify as an expert as to Defendant's damages, FDA compliance, and food safety status. Dkt. 59-1 at 1–2.

Importantly, Defendant disclosed Ms. Li, "a former employee of Defendant," under Federal Rule of Civil Procedure 26(2)(C). *Id.* at 1. In Defendant's Answers to Plaintiffs' First Interrogatories, Defendant states that Ms. Li began working for Wellshow on March 1, 2020, and was responsible for "managing all aspects of sales on the Amazon platform, including product listing creation and optimization, advertising, inventory management, customer service, pricing and promotions." Dkt. 59-2 at 2. On April 25, 2025, testifying on behalf of Wellshow as its corporate representative, Plaintiffs deposed Ms. Li. *See* Dkt. 59-4.

---

[1] The Amended CMSO only changed the deadlines for Plaintiffs' Expert Disclosure, Defendant's Expert Disclosure, Rebuttal, and the Discovery cut-off. *See* Dkt. 51. All other deadlines in the CMSO were kept the same. *See* Dkt. 39.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the expert witnesses it will present at trial. *See* Fed. R. Civ. P. 26(a)(2). Rule 26(a)(2) outlines two types of expert witnesses: those who were retained for the purpose of providing expert testimony in the case, and those who were not. Fed. R. Civ. P. 26(a)(2)(B)-(C). "[W]hether an expert was 'retained' hinges on how she formed her relationship with the party she will testify for—not on the content of the testimony." *Cedant v. United States*, 75 F.4th 1314, 1317 (11th Cir. 2023). For example, if a physician were initially hired to treat a patient rather than to testify, the physician would not be classified as a "retained" expert. *Id.*

The classification of an expert witness determines the disclosure that a party must make under Rule 26 before offering the expert's testimony. If the expert was retained to testify, Rule 26(a)(2)(B) requires the presenting party to produce a "written report" that complies with several requirements. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). However, for a non-retained expert witness, the presenting party only needs to provide the subject matter of the testimony and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).

If a party fails to adequately disclose an expert witness or provide the necessary information under Rule 26(a), then the party is not allowed to use that

information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). In applying Rule 37(c), a district court enjoys a "wide latitude" of discretion to either admit or exclude expert testimony based on an insufficient or untimely report. *See Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1348–49 (11th Cir. 2004).

## DISCUSSION

Plaintiffs move to exclude the testimony of Ms. Li, asserting that Rule 26(a)(2)(B) required Wellshow to submit a written report before offering expert testimony opinions regarding FDA compliance, food grade status, and Defendant's purported damages. Dkt. 59 at 8. But an "expert's job title, the subject or scope of his testimony, and the way that he formed his opinions are irrelevant inquiries for Rule 26(a)(2) purposes." *Cedant*, 75 F.4th at 1324. "The only question presented by the Rule's text is whether the witness was retained as an expert or otherwise employed as described in Rule 26(a)(2)(B)." *Id.*

In *Cedant*, the Eleventh Circuit clarified the differences between a retained expert and a non-retained expert. *Id.* After the plaintiff served his expert witness disclosures to the defendant, the plaintiff stated that no expert witness had been

4

"retained" in the case. *Id.* at 1318. The plaintiff then disclosed his "non-retained" experts, indicating that they formed opinions as to the cause of his injuries while treating him. *Id.* The disclosure was accompanied by documents that briefly outlined the opinion of each doctor but did not otherwise constitute written reports under Rule 26(a)(2)(B). *Id.* The defendant argued that the plaintiff's expert witnesses were "retained experts" and that their testimony should be excluded because the plaintiff failed to timely comply with Rule 26(a)(2)(B). *Id.* The Eleventh Circuit held that "whether an expert was 'retained' hinges on how she formed her relationship with the party she will testify for—not on the content of the testimony." *Id.* at 1317. The circuit court held that the plaintiff was not required to produce a Rule 26(a)(2)(B) report, because the plaintiff first hired the physicians to treat him rather than to testify. *Id.* at 1324–25.

Here, Plaintiffs assert that because Ms. Li is a former employee of Defendant, she must have been "retained by Defendant to provide expert testimony in this case." Dkt. 59 at 8. Not so. Unlike a retained expert witness who only gets "involved in a case to provide expert testimony and will derive her knowledge of the case from preparation for trial," Ms. Li is more akin to a non-retained witness because she is a former employee of Wellshow and has "some first-hand factual awareness of the subject matter of the suit" based on her former position as the head of marketing and sales on the Amazon platform. *Cedant*, 75 F.4th at 1324;

*see* Dkt. 59-2 at 2. It is undisputed that Ms. Li's involvement in this copyright infringement case is intertwined with her former responsibilities at Wellshow rather than only being retained to testify on Defendant's behalf. *See* Dkt. 59 at 5. Indeed, Plaintiffs even deposed Ms. Li in her capacity as Wellshow's corporate representative. *See* Dkt. 59-4. As such, Defendant is not required to submit a Rule 26(a)(2)(B) report when disclosing Ms. Li as an expert witness. Defendant properly classified Ms. Li as a Rule 26(a)(2)(C) expert witness.

      Next, the Court considers whether Defendant's disclosure of its non-retained expert witness complies with Rule 26(a)(2)(C). Under Rule 26(a)(2)(C), a non-retained witness must provide "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii). While this standard is less stringent than a Rule 26(a)(2)(B) disclosure, "a party cannot simply submit to a court the 'broad contours of the subjects about which his experts will testify.'" *DIS Invs., LLC v. Great Lakes Ins. SE*, No. 23-CV-23363, 2024 WL 5378080, at *3 (S.D. Fla. Aug. 8, 2024) (quoting *Heard v. Town of Camp Hill*, No. 16-CV-00856-WKW-GMB, 2017 WL 3622781, at *3 (M.D. Ala. Aug. 23, 2017)). Indeed, a party's disclosure can be insufficient when it "merely list[s] the topics of possible opinions which [the non-retained expert] might render without actually disclosing the actual opinion or tethering them to the specific facts of the case." *Chappell v.*

*Carnival Corp.*, No. 21-CV-23787, 2023 WL 3003806, at *13 (S.D. Fla. Apr. 18, 2023) (citation omitted).

Furthermore, "boilerplate recitation of possible topics or a broad sketch of the subjects on which [a party's non-retained] experts will testify" is insufficient. *Hornsby v. Carnival Corp.*, 22-CV-23135, 2023 WL 8934518, at *8 (S.D. Fla. Dec. 27, 2023); *see also Brackett v. Nat'l Specialty Ins. Co.*, 2:21-CV-269-JLB-MRM, 2022 WL 2915659, at *2 (M.D. Fla. May 31, 2022) (disclosure often falls short when plaintiff's disclosure of facts and opinions was stated in a single paragraph). "A reader of the disclosure must have an idea of the opinion the witness will offer and of the facts on which the witness will base that opinion." *Worley v. Carnival Corp.*, No. 21-CIV-23501, 2023 WL 1840107, at *7 (S.D. Fla. Jan. 27, 2023), *report and recommendation adopted*, No. 21-23501-CIV, 2023 WL 3016914 (S.D. Fla. Apr. 20, 2023).

Here, the Court finds the three paragraphs in Defendant's expert witness disclosure essentially contain vague, boilerplate representations that fall "brutally short of satisfying Rule 26(a)(2)(C)(ii)." *Ruckh v. CMC II LLC*, No. 8:11-CV-1303-T-23TBM, 2016 WL 7665191, at *3 (M.D. Fla. Dec. 21, 2016). The entirety of Defendant's disclosure for Ms. Li states she will provide facts and opinions on:

> 1. Information, facts, and documents pertaining to testing, certification, and/or verification processes conducted on Defendant's filament products related to claims of food safety, FDA compliance, or food grade status.

7

> 2. Information, facts, and documents supporting any claims that Defendant's filament products are food safe, FDA compliant, and/or certified food grade.
>
> 3. Information, facts, and documents pertaining to the performance of Defendant's filament products in the market, including without limitation sales data, revenue, and profits through Amazon.

Dkt. 59-1 at 1–2. As Plaintiffs correctly point out, Defendant's "summaries" are nothing more than a list of various subjects that tell Plaintiffs nothing about the opinions Ms. Li will offer or the specific facts on which Ms. Li will base those opinions. *See* Dkt. 59 at 12. Indeed, Defendant's disclosure does not specify or explain what "information, facts, and documents" Ms. Li will be relying on when testifying on FDA compliance and purported damages. *See Katz v. United States*, No. 3:21-cv-254-MCR-EMT, 2021 WL 5202414, at *2 (N.D. Fla. Nov. 9, 2021) ("[T]he disclosures must at a minimum express clearly some expected opinion and state in basic terms the nature of the 'injuries,' 'aggravations,' and 'pre-existing conditions' found to exist.").

Even more concerning is that the exact wording in Defendant's expert disclosure is copied from Plaintiffs' initial Notice of Deposition of Corporate Representative under Fed. R. Civ. P. 30(b)(6). *Compare* Dkt. 59-1 at 1–2 *with* Dkt. 59-5 ¶¶ 8, 9, 13. Defendant's failure to even draft a non-copied expert disclosure for Ms. Li is further proof that it is insufficient under Rule 26(a)(2)(C)(ii). As such, the Court finds that Defendant's purported summaries and broad sketch of various

topics do not satisfy the lenient disclosure requirement imposed by Rule 26(a)(2)(C).

Finally, because the Court has found that Defendant's disclosure violates Rule 26(a)(2)(C), the Court must determine whether the violation was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008) ("Under Rule 37(c)(1), a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless the failure is substantially justified or harmless."). "Substantial justification exists if there is justification to a degree that could satisfy a reasonable person that parties differ as to whether the party was required to comply with the disclosure request." *Roberts v. Wright Nat'l Flood Ins. Co.*, No. 18-CV-1904-ORL37LRH, 2020 WL 3035230, at *2 (M.D. Fla. Apr. 27, 2020) (citing *Northrup v. Werner Enter., Inc.*, No. 8:14-cv-1627-T-27JSS, 2015 WL 4756947, at *1 (M.D. Fla. Aug. 11, 2015)). "The test is satisfied if there is a genuine dispute concerning compliance." *Id.* (citing *Home Design Servs., Inc. v. Hibiscus Homes of Fla., Inc.*, No. 03-CV-1860-ORL19KRS, 2005 WL 2465020, at *2 (M.D. Fla. Oct. 6, 2005)). "A harmless failure to disclose exists when there is no prejudice to the party entitled to receive the disclosure." *Northrup*, 2015 WL 4756947, at *1 (citation and quotations omitted).

To determine whether the failure was substantially justified or harmless, courts also consider: "(1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence." *Northrup*, 2015 WL 4756947, at *2 (citation omitted). The non-disclosing party bears the burden of showing that a failure to disclose was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

Here, Defendant's response has not made any argument that the failure to disclose was substantially justified or harmless under Rule 37(c), *see* Dkt. 68 at 2–5, nor do the circumstances of this case suggest any justification. Presently, the discovery deadline set for April 28, 2025, and the dispositive motion deadline set for June 2, 2025, have already passed. Furthermore, Plaintiffs already deposed Ms. Li on April 25, 2025, but Defendant's insufficient disclosure left Plaintiffs with minimal (and possibly conflicting) information on Wellshow's purported damages. Dkt. 59 at 13–14; *see St. v. Drury Inns, Inc.*, No. CIV.A.08-0700-CG-N, 2009 WL 3784330, at *2 (S.D. Ala. Nov. 10, 2009) ("The court recognizes that 'merely having to depose a party on information that should have been disclosed in a Rule

26 Report is a form of prejudice.'").[2] As such, Plaintiffs would be prejudiced since discovery has already been closed, and any amended disclosure about Defendant's purported damages and FDA compliance of its products could unfairly surprise Plaintiffs and potentially disrupt the proceedings. Thus, the Court finds that Defendant's disclosure is not substantially justified nor harmless under Rule 37(c) and grants Plaintiff's motion to exclude the expert testimony of Ms. Li and preclude her as an expert witness.

However, the Court's exclusion of Ms. Li as an expert witness does not prevent her from testifying as a fact witness. Ms. Li may testify as a lay witness, providing fact witness testimony about what happened during her employment at Wellshow.[3] In other words, because there was an inadequate disclosure concerning Ms. Li's purported expert opinion on damages, FDA compliance, and food grade status, she may not testify on any opinions or information other than her responsibilities, observations, and experiences at Wellshow.

---

[2] Indeed, the purpose of a proper disclosure requirement is so that "opposing counsel is not forced to depose an expert in order to avoid ambush at trial[.]" *Dyett v. N. Broward Hosp. Dist.*, No. 03-60804-CIV, 2004 WL 5320630, at *1 (S.D. Fla. Jan. 21, 2004); *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) ("Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational.")

[3] Ms. Li's deposition as Wellshow's corporate representative is also not excluded. *See* Dkt. 59-4.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Plaintiffs' Motion to Exclude expert witness testimony of Man Chun Li and preclude her as an expert witness, Dkt. 59, is **GRANTED.**

**DONE AND ORDERED** at Tampa, Florida, on August 1, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record