UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL SUTHERLAND** and
**COMFY MATERIALS LLC**,

    Plaintiffs,

v.                                            Case No. 8:24-cv-00854-WFJ-NHA

**WELLSHOW MACHINING
PARTS, INC.**,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Wellshow Machining Parts, Inc.'s (Defendant or "Wellshow") Motion in Limine[1] to Preclude Undisclosed Expert Testimony and Preclude Michael Sutherland, Corporate Representatives, or Employees of Comfy Materials, LLC from Providing Expert Testimony. Dkt. 60. Plaintiffs Michael Sutherland and Comfy Materials LLC (Plaintiffs or "Comfy") have responded in opposition. Dkt. 62. Upon careful consideration, the Court denies Defendant's motion.

---

[1] Defendant titles the instant motion as a "motion in limine." *See* Dkt. 60. However, Defendant moves to "exclude" Plaintiff's disclosed expert, Charleen Purdy, under Federal Rule of Civil Procedure 26, Federal Rule of Evidence 702, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See id.* at 2–4. As such, the Court treats the instant motion as a motion to exclude, not a motion in limine.

1

## BACKGROUND

The Court's Case Management and Scheduling Order ("CMSO") outlines that its "provisions are very precise and shall be strictly adhered to." Dkt. 39 at 1. Under the Amended CMSO, "Plaintiff Expert Disclosure [was due on] 3/14/2025; Defendant Expert Disclosure [was due on] 3/24/2025; . . . and Discovery cut-off is 4/28/2025." Dkt. 51.[2]

Per the Amended CMSO, Plaintiffs disclosed one expert witness, Charleen Purdy, on March 14, 2025, who will "opine on [] Plaintiffs' economic losses in connection with their claims brought against Defendant, and to prepare any rebuttal analysis and report related to any alleged damages incurred by Wellshow as to its tortious interference claim." Dkt. 62 at 2; *see* Dkt. 60 at 10. Plaintiffs' disclosure was accompanied by an expert report signed and prepared by Ms. Purdy under Federal Rule of Civil Procedure 26(a)(2)(B). *See* Dkt. 60 at 8–13.

In her report, Ms. Purdy disclosed that discovery was ongoing at the time of her expert report, and therefore, she could not form an opinion on damages due to the outstanding requested discovery. *Id.* at 12. Specifically, Plaintiffs' expert report indicates that she had only received incomplete and insufficient documents from Defendant on March 7, 2025, and requested a list of additional documentation from Defendant "in order to determine, if any, the economic loss suffered by the

---

[2] The Amended CMSO only changed the deadlines for Plaintiffs' Expert Disclosure, Defendant's Expert Disclosure, Rebuttal, and the Discovery cut-off. *See* Dkt. 51. All other deadlines in the CMSO were kept the same. *See* Dkt. 39.

2

Plaintiffs" and Defendant. *Id.* at 10, 12, 21; Dkt. 62 at 4. Plaintiffs' expert report also reserved the right to supplement her report following full and complete discovery. Dkt. 60 at 12–13.

As stated in the Amended CMSO, the discovery deadline in this case was April 28, 2025, and Defendant has not deposed or scheduled a deposition of Plaintiffs' expert witness. Dkt. 51; Dkt. 62 at 3.

## LEGAL STANDARD

A party must disclose the identity of any expert witnesses it may use at trial, and the disclosure must include a written report. *See* Fed. R. Civ. P. 26(a)(2)(A)–(B). Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). As such, if a party fails to provide information or identify a witness under Rule 26(a), then the party is not allowed to use that information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.").

In applying Rule 37(c), a district court enjoys a "wide latitude" of discretion to either admit or exclude expert testimony based on an insufficient or untimely report. *See Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1348–

49 (11th Cir. 2004). To determine whether the failure was substantially justified or harmless, courts consider: "(1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence." *Northrup v. Werner Enter., Inc.*, No. 8:14-cv-1627-T-27JSS, 2015 WL 4756947, at *2 (M.D. Fla. Aug. 11, 2015) (citation omitted).

The non-disclosing party bears the burden of showing that a failure to disclose was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). And "[t]he district court has broad discretion to admit or exclude untimely submissions under [Rule 37(c)(1)]." *Lambert v. Monaco Coach Corp.*, No. 8:04-cv-608-T-30-TBM, 2005 WL 5961075, at *1 (M.D. Fla. Feb. 10, 2005) (citing *Bearint v. Dorel Juvenile Grp., Inc.*, 389 F.3d 1339 (11th Cir. 2004)).

## DISCUSSION

As an initial matter, Plaintiffs seems to concede that its expert witness disclosure is noncompliant with Rule 26(a)(2)(B) and Federal Rule of Evidence 702. Dkt. 62 at 5–7, 12. Specifically, on February 5, 2025, Plaintiffs served their request for production on Defendant, and Wellshow provided its responses on March 7, 2025, indicating that Defendant will only produce documents (as it

relates to damages) for Request Nos. 4, 5, 8, 18, 21, 22, and 27. *See* Dkt. 55-8 at 2–5. Plaintiffs' expert opined that, based on her review of documents in her possession, including Defendant's initial document production, the documents produced by the disclosure deadline were incomplete and insufficient for her "to prepare a proper analysis and develop meaningful opinions." Dkt. 60 at 12. As such, Plaintiffs' expert report has no "facts or data" under Rule 26(a)(2)(B)(i)-(ii) because she could not properly form an opinion. *See* Dkt. 62 at 7–8, 12; Dkt. 60 at 12. Nevertheless, to comply with the Amended CMSO, Plaintiff's timely disclosed Ms. Purdy to meet "the requirements of Rule 26(a)(2)(B) to the extent possible." Dkt. 62 at 7, 12.

Here, the Court finds that even if Ms. Purdy's expert report is insufficient under Rule 26(a)(2)(B), Plaintiffs still have time to supplement Ms. Purdy's expert report within a timely manner under Rule 26(e). Rule 26(e)(1)(A) requires that an expert witness supplement one's disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete . . . and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process[.]" As for the timing of the supplement, Rule 26(e)(2) states that for a Rule 26(a)(2)(B) expert (i.e., a retained expert), "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Rule 26(a)(3)(B) provides

5

that "these disclosures must be made at least 30 days before trial." The CMSO has set the trial on November 3, 2025, and directs the parties to "meet the pretrial disclosure requirements and deadlines in Fed. R. Civ. P. 26(a)(3)[.]" Dkt. 39 ¶¶ 5, 6. Thus, Plaintiffs still have until October 4, 2025, to supplement Ms. Purdy's expert report.

To the extent Plaintiffs have violated Rule 26(a), Rule 37(c) provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008) ("Under Rule 37(c)(1), a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless the failure is substantially justified or harmless."). "Substantial justification exists if there is justification to a degree that could satisfy a reasonable person that parties differ as to whether the party was required to comply with the disclosure request." *Roberts v. Wright Nat'l Flood Ins. Co.*, No. 18-CV-1904-ORL37LRH, 2020 WL 3035230, at *2 (M.D. Fla. Apr. 27, 2020) (citing *Northrup*, 2015 WL 4756947, at *1). "The test is satisfied if there is a genuine dispute concerning compliance." *Id.* (citing *Home Design Servs., Inc. v. Hibiscus Homes of Fla., Inc.*, No. 03-CV-1860-ORL19KRS, 2005 WL 2465020, at *2 (M.D. Fla. Oct. 6, 2005)). "A harmless failure to disclose exists when there is

6

no prejudice to the party entitled to receive the disclosure." *Northrup*, 2015 WL 4756947, at *1 (citation and quotations omitted).

Here, the Court finds that any Rule 26(a)(2)(B) violation in Ms. Purdy's disclosure on March 14, 2025, was substantially justified. First, Defendant's motion does not make any argument about potential prejudice or surprise. *See* Dkt. 60 at 4. Nor could Defendant make such arguments since, following Plaintiff's timely expert witness disclosure on March 14, 2025, Defendant had the opportunity to provide the documents requested by Ms. Purdy and/or depose her before the discovery cut-off on April 28, 2025. Dkt. 60 at 21; Dkt. 51. Second, the Court finds that there will be little disruption to the trial since it is set for the November 2025 trial term, and there is still time for Plaintiffs to timely supplement Ms. Purdy's expert report as permitted under Rule 26(e)(2). Finally, the Court also credits Plaintiffs' explanation for their failure to properly disclose an expert report that complies with Rule 26(a)(2)(B). Ms. Purdy transparently stated she could not offer an expert opinion at the time due to insufficient documentation, *see* Dkt. 60 at 12, and Plaintiffs had to comply with the March 14, 2025, expert witness disclosure deadline or risk an untimely disclosure. Thus, the Court finds any violation of Rule 26(a)(2)(B) was substantially justified.

Additionally, Plaintiffs' failure to provide a sufficient disclosure was harmless under Rule 37 because (1) Defendant has been on notice as to the subject

7

matter of Ms. Purdy's testimony since the expert witness disclosure deadline, and (2) any prejudice resulting from Plaintiffs' insufficient disclosure can be cured by a supplemental disclosure. However, the Court does agree that Ms. Purdy's expert report—in its current iteration—does "not disclose[] any opinion whatsoever in support of Plaintiffs' claims nor in defense to Defendant's Counterclaim." Dkt. 60 at 4. As such, Defendant may re-raise its motion in limine as to Ms. Purdy's expert testimony if Plaintiffs fail to timely supplement Ms. Purdy's expert opinion with "a complete statement of all opinions the witness will express and the basis and reasons for them . . . and the facts or data considered by the witness in forming them[.]" Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii); *see also* Fed. R. Evid. 702(b).[3]

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant Wellshow's Motion in Limine, Dkt. 60, is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on August 1, 2025.

> */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

---

[3] Defendant's motion also argues that it "anticipates that Plaintiffs may offer undisclosed expert testimony either through Michael Sutherland, corporate representatives[,] or employees of Plaintiff Comfy Materials, LLC." Dkt. 60 at 1. Plaintiffs' response made it clear that Ms. Purdy was disclosed as Plaintiffs' sole expert since "Plaintiff Sutherland and other corporate representatives are not experts, their testimony would properly fall under lay rather than expert testimony." Dkt. 62 at 4. The (lay) witness disclosure deadline has not passed yet. *See* Dkt. 39 ¶ 5; Fed. R. Civ. P. 26(a)(3); Local Rule 3.06(a)(5).