**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL SUTHERLAND, and**
**COMFY MATERIALS LLC,**

      Plaintiffs,

v.                           Case No. 8:24-cv-00854-WFJ-NHA

**WELLSHOW MACHINING**
**PARTS, INC.,**
      Defendants.

_____/

## FINAL DEFAULT JUDGMENT

Before the Court is Plaintiff Comfy Materials LLC's ("Comfy Materials") Motion for Permanent Injunction. Dkt. 109. Defendant, Wellshow Machining Parts, Inc. ("Wellshow") has defaulted, Dkt. 97, and Final Default Judgment has been entered against it. Dkt. 104. Wellshow has not responded to this motion and the deadline has passed. Upon careful consideration, the Court grants Plaintiffs' motion.

Plaintiff requests that the Court enter a permanent injunction against Wellshow to enjoin it and any persons acting in concert with it from further false advertising and unfair competition. Comfy Materials relies upon the Lanham Act in requesting this relief, which authorizes courts to issue an injunction "to prevent a [false advertising] violation under subsection (a) . . . of section 1125[.]" 15 U.S.C. § 1116(a). Injunctive relief is an appropriate remedy for Lanham Act violations on default. *Wyndham Vacation Ownership, Inc. v. Catalyst Consulting Firm LLC*, No.

8:19-CV-1895-CEH-CPT, 2024 WL 556549, at *11 (M.D. Fla. Jan. 15, 2024), *report and recommendation adopted sub nom. Wyndham Vacation Ownership, Inc. v. CLS, Inc.*, No. 8:19-CV-1895-CEH-CPT, 2024 WL 553483 (M.D. Fla. Feb. 12, 2024*)* (collecting cases on granting injunctive relief on default for false advertising).

A permanent injunction is an appropriate remedy where a plaintiff demonstrates that: "(1) it has succeeded on the merits, (2) it has suffered irreparable injury; (3) there is no adequate remedy at law; (4) the balance of hardship favors an equitable remedy; and (5) the issuance of an injunction is in the public's interest." *Id.* (citing *eBay, Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391–93 (2006)); *see also Siegel v Lepore*, 234 F.3d 1163, 1213 (11th Cir. 2000).

As to the first element, "when a defendant is in default, the element of success on the merits is satisfied." *Virgin Recs. Am., Inc. v. Courson*, No. 307-CV-195-J-33MCR, 2007 WL 3012372, at *2 (M.D. Fla. Oct. 12, 2007) (citing *Sony Music Ent. v. Global Arts Prods.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999)). This is readily established due to Defendant's default.

As to the second element, a Lanham Act violation also establishes a rebuttable presumption of irreparable harm. 15 U.S.C. § 1116(a) ("A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction[.]"). Wellshow has defaulted and thus failed to rebut this presumption. *See Wyndham*, 2024 WL 556549, at *12 (finding defaulted defendant

failed to rebut statutory presumption under section 1116(a) of the Lanham Act). The second factor is sufficiently established.

As to the third element, the Court further finds that Comfy Materials has adequately established there is no adequate remedy at law for Wellshow's false advertising. Comfy Materials alleged as much in the Amended Complaint and supported these allegations with testimony by affidavit. Dkt. 17 ¶¶ 56–58; Dkt. 103-27 ¶ 46. That Comfy Materials may never determine the full scope of monetary damages further establishes that Comfy Materials has no adequate remedy at law. *See Wyndham*, 2024 WL 556549, at *13 (finding "[t]he fact that there does not appear to be a reasonable probability [plaintiff] will ever be able to prove the extent of the pecuniary harm it has sustained at the hands of [defendant]" due to defendant's "cessation of any continued participation" in the suit supported the conclusion of no adequate remedy at law); *see also U.S. v. Dinh*, No. 8:20-CV-1794-KKM-AAS, 2021 WL 5867441, at *7 (M.D. Fla. Dec. 10, 2021) (observing that "[t]he theoretical possibility that [a party] might recover against [a defendant] does not present an 'adequate remedy at law' [where] there is no real possibility that [it] shall recover").

As to the fourth element, the Court also finds that the balance of hardship weighs in favor of injunctive relief in this case. The only harm Defendant would experience is "the loss of its ability to engage in the prohibited behavior" identified in Plaintiffs' Amended Complaint. *Wyndham*, 2024 WL 556549, at *13. Finally, as to the fifth element, the Court finds a permanent injunction would serve the public

3

interest because it would protect consumers from deceptive advertising regarding the safety of plastics products coming into contact with food.

The Court finds that Plaintiffs have sufficiently established that permanent injunctive relief is warranted. The scope of the injunction that Court will award will be confined to the relief sought in Plaintiffs' Amended Complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. Plaintiff Comfy Materials LLC's ("Comfy Materials") Motion for Permanent Injunction, Dkt. 109, is **GRANTED**. Permanent injunctive relief is ordered as follows. Defendant Wellshow Machining Parts, Inc. and its agents, servants, employees, attorneys, and all persons acting in concert and participation with it, are permanently enjoined and restrained from:

   a. using any false or misleading representation or description that can or is likely to misrepresent to the trade or public, or individual members thereof, the characteristics or qualities of any product or service advertised, promoted, offered or sold by it, in particular making claims that its products are food safe and/or FDA compliant, including but not limited to descriptions on or in point of purchase advertising, television commercials, radio commercials, print advertising, social media, and websites; and

b. Engaging in any other activity constituting unfair competition with Comfy Materials LLC.

2. The Clerk is directed to **TERMINATE** all pending motions and deadlines and to **CLOSE** the case.

  **DONE AND ORDERED** at Tampa, Florida, on March 11, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO:**</u>
Counsel of Record

5